UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/4/18

VICTOR CASTELLANOS MENDEZ,
individually and on behalf of others similarly
situated,

                      Plaintiff,

-against-

QL WHOLESOME FOOD, INC.,
TALLGRASS BURGER COMPANY INC.,
and KEVIN QUI HUYNH,

                      Defendants.

**ORDER**

16 Civ. 4872 (ER)

Ramos, D.J.:

    Victor Castellanos Mendez brought the above-captioned action against QL Wholesome Food, Inc., Tallgrass Burger Company Inc., and Kevin Qui Huynh (collectively, "Defendants") for recovery related to unpaid minimum and overtime wages, unlawful deductions from gratuities, spread of hours, and failure to prepare and issue mandatory employment documents under the Fair Labor Standards Act ("FLSA"), the Hospitality Industry Wage Order of the New York Commissioner of Labor (the "Hospitality Wage Order"), and New York Labor Law ("NYLL"). *See* Doc. 1. On August 2, 2017, the parties submitted an application for the Court to approve the parties' settlement agreement (the "Settlement Agreement"). Doc. 29. On February 27, 2018, the Court denied the application because (1) the Settlement Agreement contained a release provision that was not limited to wage-and-hour claims, and (2) Plaintiff's counsel failed to submit contemporaneous billing records documenting the date, the hours expended, and the nature of the work done in connection with Plaintiff's claims. Doc. 31. On March 16, 2018, the parties submitted a revised settlement agreement (the "Revised Settlement Agreement") and Plaintiff's counsel's billing records. Doc. 32. The settlement is for $50,000.00 total. Plaintiff's

counsel seeks an award of one-third of the settlement amount—$16,500.00—pursuant to Plaintiff's retainer agreement. Doc. 29 at 2.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

The parties have addressed the Court's prior concerns with the settlement. First, the release provision in the Revised Settlement Agreement is limited to wage-and-hour claims. Revised Settlement Agreement ¶ 3(a) ("Release Provision"). Second, the proposed award of attorney's fees is reasonable.[1] Plaintiff's counsel seeks an award of $16,500.00, or one-third of the settlement amount. The parties represent that this amount actually represents a reduction in

---

[1] The Court notes, however, that the parties' representation that the settlement itself provides for attorney's fees of one-third of the total settlement amount is inaccurate. Doc. 29 at 2. The Revised Settlement Agreement does not provide for attorney's fees, and instead states that "determination of the Plaintiff's share, counsel fees, and costs is the responsibility solely of the Plaintiff and his counsel." Revised Settlement Agreement ¶ 1. This issue is not a barrier to approval of the settlement because, as the Court discusses below, courts in this circuit routinely approve contingency fees of one-third of the settlement amount in FLSA cases.

2

fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by counsel. Doc. 32 at 1. In line with the requirements for FLSA settlement approval in this Circuit, Plaintiff's counsel has submitted billing records detailing the type of work performed and hours logged by each attorney in this matter so that the Court may calculate reasonable fees under the "lodestar" method. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."). Here, the lodestar calculation is $5,550.00, plus $1,260.00 in costs. While the lodestar calculation is significantly lower than one-third of the overall settlement, "one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015); *see also Santos v. El Tepeyac Butcher Shop Inc.*, 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit"); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("[A] fee that is one-third of the fund is typical" in FLSA cases).

Accordingly, the Court is satisfied that the settlement is "fair and reasonable" and approves the Revised Settlement Agreement, attached as Exhibit A to Doc. 32 on the docket. The complaint (Doc. 1) is dismissed with prejudice. The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   April 4, 2018
         New York, New York

                                                          _____
                                                          Edgardo Ramos, U.S.D.J.